**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 17 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JHOTI ASHOK CRAWFORD, | No.    18-15603 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-02919-KJN |
| v. | MEMORANDUM[*] |
| ANDREW M. SAUL, Commissioner of Social Security, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Kendall J. Newman, Magistrate Judge, Presiding

Submitted September 13, 2019[**]
San Francisco, California

Before:  GOULD, BEA, and FRIEDLAND, Circuit Judges.

Appellant Jhoti Crawford appeals from the district court's order affirming the

Administrative Law Judge ("ALJ")'s decision denying him supplemental security

income ("SSI") benefits.  We have jurisdiction under 28 U.S.C. § 1291.  We review

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*de novo* the district court's order upholding the ALJ's denial of benefits. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). We "may reverse the ALJ's decision to deny benefits only if it is based upon legal error or is not supported by substantial evidence." *Id.* We affirm.

The ALJ properly applied the five-step sequential evaluation to determine whether Crawford was eligible for SSI benefits. *See* 20 C.F.R. § 416.920. The ALJ's conclusion at step one that Crawford had not engaged in substantial gainful activity since he applied for SSI benefits on September 30, 2013, is supported by substantial evidence and is not contested by either party. At step two, the ALJ properly considered the separate and combined effects of Crawford's claimed impairments, and his conclusion that Crawford's claimed impairments of his right eye injury, lower back pain, asthma, and muscular dystrophy are not severe is supported by substantial evidence.

At step three, the ALJ properly applied the special psychiatric review technique applicable in 2015, and his conclusion that Crawford's mental impairments do not meet the listed impairments in 20 C.F.R., Part 404, Subpart P, Appendix 1 is supported by substantial evidence. Finally, Crawford argues that the ALJ committed legal error at step four in finding that he is not disabled and can perform his past work as a forklift driver, because the ALJ erred in giving greater weight to his non-treating physicians' opinions than to his treating psychiatrists'

2

opinions. We need not address this issue, because the ALJ made alternative findings at step five that Crawford is not disabled because he can perform other jobs such as a food-counter worker, a laundry worker, or a retail bagger. Crawford did not challenge the ALJ's alternative step-five findings in district court, nor does he on appeal.[1]

**AFFIRMED.**

---

[1] Additionally, Crawford's argument that the ALJ erred in discounting the credibility of his testimony at his ALJ hearing is waived, because Crawford did not raise the issue in district court. *See Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006); *Abogados v. AT&T, Inc.*, 223 F.3d 932, 937 (9th Cir. 2000).